IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW DANIELS, | ) | CASE NO. 1:07 CV 2415 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| TRANS UNION CREDIT BUREAU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |

## I. Introduction

This case has been referred to me for pretrial supervision and for a report and recommendation on dispositive motions.[1] Under Federal Rule of Civil Procedure 12(b)(6), defendant Experian Information Solutions, Inc. (Experian) has moved to dismiss plaintiff Andrew Daniels' (Daniels) claims against it[2] for failure to state a claim upon which relief can be granted.[3] Defendant Trans Union, LLC (Trans Union) has asserted a similar argument as an affirmative defense in its answer[4] and as a motion for summary judgment.[5]

Essentially, the defendants assert that Daniels was permitted to dismiss his original *pro se* suit without prejudice under an order of dismissal of this Court in a previous action,

---

[1] ECF # 17.

[2] ECF # 1

[3] ECF # 11.

[4] ECF # 9 at 5.

[5] ECF # 21. Trans Union also moved for sanctions in this filing.

which granted him the right to re-file that action within a specified time period after he had obtained representation.[6] The defendants now seek to dismiss the present suit because it was filed beyond the time fixed for such re-filing by this Court and further because Daniels here is not represented by counsel, as he was required to be by the order.[7]

In response, Daniels contends that: (1) he is confused by Experian's motion, (2) he was unaware of or did not receive this Court's prior order setting a deadline for re-filing his claims, (3) the issues raised in his current suit are new, (4) if there had been an order dismissing his first case he would have appealed it, and (5) if he would have seen the conditional dismissal order, he would have appealed that.[8]

For the reasons that follow, I find Experian's motion to dismiss and Trans Union's motion for summary judgment are well taken and recommend that they be granted.

## II. Facts

The relevant facts are simple and straightforward. In an earlier case involving these same parties and the same claims,[9] Daniels, *pro se*, asked permission of the Court to dismiss his action without prejudice so that he could obtain counsel and re-file.[10] This Court, after

---

[6] ECF # 11, Part 2 (Memorandum in Support of Motion to Dismiss) at 2.

[7] *Id.* at 3.

[8] ECF # 16.

[9] Case No. 1:05-CV-1789 (N.D. Ohio).

[10] *See*, ECF # 18 (Experian reply memorandum), Ex. 1 (Memorandum Opinion and Order in Case No. 1:05-CV-1789) at 1.

-2-

noting that an answer had been filed in that case and so dismissal could only occur "upon such terms and conditions as the court deems proper,"[11] permitted Daniels "to dismiss this action, without prejudice, *on the condition* that [Daniels] obtain Counsel and refile this case no later than July 1, 2007."[12] Moreover, the Court specifically added that "[i]f the case has not been refiled as of July 1, 2007, this dismissal will become a dismissal with prejudice."[13]

On June 12, 2007, Daniels asked the Court for an extension of time to August 15, 2007 to re-file his case and otherwise conform with this Court's conditions.[14] In support of that motion for an extension, Daniels submitted an affidavit stating that he "never received a copy of the March 22, 2007" order permitting him to re-file under certain conditions until he went to the clerk's office in June.[15] In a non-document entry, the Court granted Daniels' motion for an extension in part, setting the new deadline for re-filing in conformity with the earlier order at August 1, 2007.[16]

---

[11] *Id.* at 1-2, quoting Fed. R. Civ. Pro. 41(a)(2).

[12] *Id.* at 2 (emphasis added).

[13] *Id.*

[14] ECF # 18, Ex. 2 (Daniels' motion).

[15] *Id.*, Ex. 3 (Daniels' affidavit).

[16] *Id.*

Daniels did not obtain counsel or re-file his case before that date. Instead, on August 8, 2007, Daniels, *pro se*, filed the present matter as a new action against the defendants[17] asserting claims identical to those raised in the prior, dismissed case.

After moving to reassign this matter to the District Judge who had presided in the original case,[18] the defendants then filed the motions now under consideration.[19]

In their motions, the defendants argue that, under the broad discretion given to District Judges in Federal Rule of Civil Procedure 41(a)(2) to attach conditions to dismissals after an answer has been filed, Daniels' failure to obtain counsel and re-file his case before the deadline imposed by the Court converted the dismissal without prejudice effected by the order of March 22, 2007, as extended, in the prior case, into a dismissal with prejudice.

Daniels maintains that he "had until August 15, 2007 to file" and that he should "not be restrained by conditions he knew nothing about because he was never served with a copy of this notice by the Court."[20] Daniels states that any representation that he had to re-file his suit by August 1, 2007 is a "lie"[21] and that he has "a certified copy of the journal entry"

---

[17] This case, as did the prior case, also names Trans Union as a defendant. *See*, ECF # 1. As noted, Trans Union is not a party to the motion to dismiss.

[18] ECF # 6. The motion was subsequently granted. *See*, ECF # 13.

[19] ECF #s 11, 21.

[20] ECF # 12 at 3; *see also*, ECF # 16.

[21] ECF # 12 at 3.

showing that it was August 15, 2007.[22] Daniels, however, includes in this filing a copy of the Court's non-document order of June 14, 2007, clearly stating on the face of Daniels' original motion for an extension that: "Motion Granted in Part. Extension Granted until 8/01/07. s/Donald C. Nugent, USDJ."[23]

### III.  Analysis

Resolution of the defendants' motions involves a two-step analysis: (1) did Daniels' failure to comply with the conditions of the prior dismissal without prejudice operate, without more, to terminate that action with prejudice; and (2) if so, does that termination with prejudice now constitute *res judicata* as to these claims against this defendant, barring the present suit. In addition, should Experian's motion be granted, can a corresponding dismissal *sua sponte* be applied to Trans Union, a non-moving party. Each issue will be addressed separately.

**A.    The prior order**

Attaching conditions to a voluntary dismissal under Rule 41(a)(2) is within the discretion of a district court.[24] If those conditions are reasonable, then the district court is entitled to dismiss a re-filed action that does not comply with the conditions, even if that

---

[22] *Id.*, Ex. A (copy of defendants' motion to re-assign, with handwritten notations by Daniels).

[23] *Id.*

[24] *Duffy v. Ford Motor Co.*, 218 F.3d 623, 630 (6th Cir. 2000), citing *DWG Corp. v. Grenada Invs., Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992).

dismissal is with prejudice.[25] Essentially, a Rule 41(a)(2) dismissal with conditions is reasonable if the party that had originally sought the dismissal is "informed of the specific conditions that would be placed on their dismissal and given the opportunity to withdraw the motion if they found those conditions too onerous."[26]

Here, Daniels himself proposed that the re-filing of his original suit be conditioned on his retaining counsel.[27] Moreover, Daniels did not object to the Court incorporating that condition into its March 22 order, nor to the setting of a July 1, 2007 deadline for accomplishing the re-filing. Indeed, Daniels implicitly endorsed both conditions when, instead of objecting to either, he waited nearly three months after the Court's order to file a motion seeking an extension of time.[28]

Daniels also made no objection in any subsequent filing to the Court's statement, made along with its promulgation of conditions, that failure to comply with the first two conditions would subject the case to being dismissed with prejudice. As noted, that is an entirely proper consequence of a failure to comply with reasonable conditions on re-filing.[29]

---

[25] *Id.*, citing *Stern v. Inter-Mountain Tel. Co.*, 226 F.2d 409, 409-10 (6th Cir. 1955); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2366, at 316-17 (2d ed. 1987).

[26] *Id.* at 631 (citations omitted).

[27] *See,* ECF # 18, Ex. 1 (Court Order of March 22, 2007) at 2.

[28] *Id.,* Ex. 4.

[29] *Duffy*, 218 F.3d at 630.

-6-

Daniels does present several arguments as to why a dismissal with prejudice pursuant to the Court's conditions should not obtain. First, his argument that he never saw the Court's order of March 22 until he went to the clerk's office on another matter on June 13[30] is unavailing as an attack on its validity. Even if somehow he was not sent a copy of that order, which is present on the docket of that case, "parties have an affirmative duty to monitor the dockets to inform themselves of the entry of orders they may wish to appeal."[31] Further, Daniels had over a month between when he admittedly saw the order in the clerk's office on June 12 and August 1, the ultimate deadline for re-filing imposed by the Court, which was only 14 days less than the time requested by Daniels himself in his motion for an extension. Finally, Daniels' contention that this new deadline of August 1 was somehow confusing or ambiguous is simply not credible nor does his *pro se* status afford him special consideration in that regard.[32]

In any event, at no time subsequent to the promulgation of these conditions by the Court did Daniels seek to withdraw his motion because the conditions were confusing or

---

[30] ECF # 18, Ex. 4. Daniels apparently meant June 12, since that is the day he filed his motion for extension of time.

[31] *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 371 (6th Cir. 2007), quoting *Reinhart v. U.S. Dep't of Agric.*, 39 F. App'x 954, 956 (6th Cir. 2002) (*per curiam*) (quoting *In re Delaney*, 29 F.3d 516, 518 (9th Cir. 1994)); *see also*, Fed. R. Civ. P. 77(d).

[32] *See*, *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). *Pro se* litigants are entitled to no special leeway with respect to "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer," such as court-imposed deadlines.

onerous.[33] As such, I recommend finding that these conditions were a proper exercise of the Court's discretion.

Because this proper exercise of the Court's discretion provided that if Daniels' case was not re-filed in conformity with the Court's conditions the dismissal without prejudice would "become a dismissal with prejudice," [34] I recommend finding that Daniels' original suit has now been so dismissed for not being filed in conformity with the Court's order of March 22, as amended on June 14.[35]

**B.**     *Res judicata*

The Sixth Circuit has held that, in the context of Rule 41(a)(2), a "dismissal of a suit with prejudice bars subsequent action seeking the same relief."[36] In addition, the Sixth Circuit has also held that "the law of preclusion bars a plaintiff from bringing, in a subsequent

---

[33] Daniels' own statement, well after the fact, that he would have done this if he had received a copy of the order when it was issued, *see*, ECF # 16, merely begs the question of why he did not promptly move to withdraw his motion on June 12 when he, by his own account, first saw the order in the clerk's office. That he did not, even though the Court's deadline had not yet passed, cannot be considered supportive of his opposition to Experian's motion now.

[34] ECF # 18, Ex. 1 at 2.

[35] The Court's own prior order of dismissal is the final order of dismissal, by its own terms converting from a dismissal without prejudice to one with prejudice upon Daniels' failure to re-file with counsel before the expiration of the deadline. Daniels' complaint that he never saw a new order of dismissal misapprehends the nature and terms of the existing order.

[36] *Catz v. Chalker*, 142 F.3d 279, 287 (6th Cir. 1998) (citing *England v. Automatic Canteen Co. of America*, 349 F.2d 988, 989 (6th Cir. 1965)), *opinion amended on denial of rehearing*, 243 F.3d 234 (6th Cir. 2001), *abrogate on other grounds*, *Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006).

action, new allegations relating to the same underlying facts that could have been brought in the former action against the defendants."[37]

The standard for recognizing and applying *res judicata* was formulated by the Sixth Circuit as follows:

> *Res judicata* bars a subsequent action "if the following elements are present: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action."[38]

Here, it is clear that the necessary elements for *res judicata* are present. The earlier matter, now dismissed with prejudice by operation of the Court's prior order, is, pursuant to the Sixth Circuit's pronouncement in *Catz v. Chalker*,[39] a final decision on the merits by a court of competent jurisdiction. The current case is a subsequent matter between the same parties raising claims that were litigated, or should have been raised, in the prior suit since both actions arise out of the same events or operative facts – namely, the purported

---

[37] *Id.* (citations omitted). *Res judicata*, or "claim preclusion," is related to, but distinct from collateral estoppel, or "issue preclusion." *See*, *Hamilton's Bogarts, Inc. v. Michigan*, __ F.3d __, No. 06-1436, 2007 WL 2438044, at *3 (6th Cir. Aug. 30, 2007). Because *res judicata*, or claim preclusion, requires, among other things, that "the issues raised in the subsequent action were raised or should have been raised in the first lawsuit," *id.*, which is also a factor cited by the court in *Catz* concerning the application of preclusion to dismissals with prejudice pursuant to Rule 41(a)(2), it is clear that *Catz* means that *res judicata* applies in cases dismissed under Rule 41(a)(2).

[38] *Becherer v. Merrill, Lynch, Pierce, Fenner & Smith*, 193 F.3d 415, 422 (6th Cir. 1999), quoting *Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997) (emphasis omitted).

[39] *Catz*, 142 F.3d at 287.

transmittal by Experian and Trans Union of inaccurate credit reports concerning Daniels in connection with his attempt to purchase a vehicle.[40]

Daniels does not dispute that a dismissal with prejudice would be equivalent to a final decision on the merits by a court of competent jurisdiction, nor that his current suit plainly involves the same parties as his previous suit.  He does, however, contend that the "issues raised in the new lawsuit is [sic] not the same issues as in the old lawsuit...."[41]  Without specifying the differences, Daniels again states that "it is so simple that this is a new case and new issues."[42]

Whatever merit this argument may have in a case of collateral estoppel, or claims preclusion, which bars re-litigation of precisely the same claim between the same litigants, Daniels' assertion that this case involves "new issues" is not sufficient to avoid the bar of *res judicata* if those issues, new as they may be, are issues that could have been raised in his prior suit.  Given that this current suit involves the same core of facts, all of which took place years ago and are recited many times in the numerous filings of the preceding matter, the conclusion is inescapable that the final two elements of *res judicata* are met here.

Accordingly, I recommend finding that *res judicata* bars the present matter from proceeding and, thus, that Daniels has failed to state a claim on which relief can be granted.

---

[40] *See*, ECF # 11 at 12-14.

[41] ECF # 16 at 2.

[42] *Id.* at 4.

Consequently, I recommend that Experian's motion to dismiss and Trans Union's motion for summary judgment be granted.

## IV.  Conclusion

For the foregoing reasons, I recommend that the present matter be dismissed against both defendants.  Both Trans Union and Daniels have moved for sanctions.[43]  Both should be denied.

Dated:   October 31, 2007                                     s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge

### Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[44]

---

[43] ECF #s 21, 23.

[44] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).