IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANDREW DANIELS, | CASE NO. 1: 07 CV 2415 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| TRANS UNION CREDIT BUREAU, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court upon the Report and Recommendation submitted by Magistrate Judge William H. Baughman, Jr. on October 31, 2007 (ECF # 25), recommending that: (1) the Motion to Dismiss filed by Experian Information Services, Inc. ("Experian") (ECF # 11) be granted, (2) the Motion for Summary Judgment filed by Trans Union Credit Bureau ("Trans Union") (ECF # 21) be granted, and (3) the Motions for Sanctions filed by Trans Union (ECF # 21) and Plaintiff (ECF # 23) be denied.

Plaintiff has filed Objections to the Report and Recommendation (ECF # 27), and Experian and Trans Union have filed Briefs in Response to the Objections (ECF # 28, 29). Because objections have been made to the Report and Recommendation, this Court has reviewed this case *de novo*. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). After careful evaluation of the record, including the Report and Recommendation and Plaintiff's Objections, this Court finds the Report and Recommendation to be well-written, well-supported and correct. For the reasons set forth below, the Report and Recommendation is hereby ADOPTED.

I.

The Court first sets forth a brief summary of the procedural history of this case. On February 22, 2007, Plaintiff filed a Notice of Dismissal pursuant to Federal Rule of Civil

Procedure ("Rule") 41(a)(1) in case number 1:05 CV 1789, entitled *Andrew Daniels v. Jack Matia Honda, et al.*, seeking to dismiss the case without prejudice, with the intent to refile once he obtained counsel. Because an answer was served prior to Plaintiff's Notice of Dismissal, and the parties had not filed a stipulation of dismissal, the Court found Rule 41(a)(1) to be inapplicable. The Court determined, however, that Rule 41(a)(2) allowed for dismissal of the action upon such terms and conditions as the Court deemed proper. Accordingly, based upon Plaintiff's request, the Court allowed Plaintiff to dismiss the action, without prejudice, on the condition that he obtain counsel and refile the case no later than July 1, 2007. In the Memorandum Opinion and Order, the Court specified that, if the case had not been refiled as of July 1, 2007, the dismissal would become a dismissal with prejudice.

On June 12, 2007, Plaintiff filed a *pro se* Motion for Extension of Time, seeking until August 15, 2007 to refile the case. The Motion was denied in part and granted in part, giving Plaintiff leave to refile the case until August 1, 2007. Plaintiff did not refile the case by August 1, 2007. Instead, on August 8, 2007, Plaintiff filed the instant case, which involves the same parties and the same claims.

United States District Judge John R. Adams was initially assigned to this matter. On August 27, 2007, Experian and Trans Union filed a Joint Motion to Reassign the case to the undersigned Judge, based upon the fact this action is merely a continuation or subsequent proceeding of a previously-filed action assigned to the undersigned Judge. (ECF # 6.) On August 30, 2007, an Order was entered transferring the case from Judge Adams to the undersigned Judge, in accordance with Local Rule 3.1(b)(4). (ECF # 13.)

## II.

The thoughtful and articulate analysis set forth by the Magistrate Judge points out that a dismissal with conditions under Rule 41(a)(2) is reasonable, if the party originally seeking the dismissal is informed of the specific conditions that will be placed on the dismissal, and given the opportunity to withdraw the motion for dismissal if the party feels that those conditions are too onerous. *See Duffy v. Ford Motor Co.*, 218 F.3d 623, 631 (6th Cir. 2000). In *Andrew Daniels v. Jack Matia Honda, et al.*, the Court properly exercised its discretion in holding that, if the action was not refiled in conformity with the Court's conditions, the dismissal without prejudice would become a dismissal with prejudice. Because those conditions were not satisfied, the Magistrate Judge correctly recommends that this Court now find that the original action, namely *Andrew Daniels v. Jack Matia Honda, et al.*, was dismissed with prejudice.

That recommendation by the Magistrate Judge is hereby adopted, leaving the issue of whether the dismissal with prejudice gives rise to a finding of *res judicata* as to the claims in the present case. This Court finds that *res judicata* indeed bars Plaintiff from bringing the instant claims. As explained by the Magistrate Judge, the necessary elements for *res judicata* are present. The earlier matter, having been dismissed with prejudice, is a final decision on the merits by a court of competent jurisdiction. Because the current case is a subsequent matter between the same parties raising claims that were litigated, or should have been litigated, in the prior suit, the Magistrate Judge's recommendation that *res judicata* bars the present matter from proceeding is adopted.

In his Objections to the Report and Recommendation, Plaintiff argues, *inter alia*, that the Magistrate Judge lacked the authority to issue the Report and Recommendation. In accordance

with this Court's September 6, 2007 Order, Magistrate Judge Baughman had the legal authority to submit the Report and Recommendation. (ECF # 17.) Having determined that this Objection to the Report and Recommendation is without merit, and having thoroughly reviewed the record, including, but not limited to, each of Plaintiff's additional Objections, the Court finds nothing to suggest that the Magistrate Judge's Report and Recommendation is in error. A *de novo* review of this case reveals that the Report and Recommendation is correct and should be adopted.

### III.

Based upon the foregoing, the Report and Recommendation (ECF # 25), recommending that: (1) the Motion to Dismiss filed by Experian (ECF # 11) be granted, (2) the Motion for Summary Judgment filed by Trans Union (ECF # 21) be granted, and (3) the Motions for Sanctions filed by Trans Union (ECF # 21) and Plaintiff (ECF # 23) be denied, is hereby ADOPTED by this Court. This case is TERMINATED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
United States District Judge

DATED: *November 20, 2007*